IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | CASE NO.: |
| Plaintiff, | COMPLAINT & DEMAND FOR JURY TRIAL |
| v. | 3:10-cv-1153-J-34JRK |
| JPMORGAN CHASE BANK, N.A., as Indenture Trustee on Behalf of the Noteholders and Note Insurer of ABFS MORTGAGE LOAN TRUST 2001-3, MORTGAGE BACKED NOTES, c/o OCWEN LOAN SERVICING, LLC, | DIVISION CV-D |
| Defendant. | |

_____/

Plaintiff, Fidelity National Title Insurance Company ("FNTIC"), by and through its undersigned counsel, sues JPMORGAN CHASE BANK, N.A., as Indenture Trustee on Behalf of the Noteholders and Note Insurer of ABFS MORTGAGE LOAN TRUST 2001-3, MORTGAGE BACKED NOTES, c/o OCWEN LOAN SERVICING, LLC (hereinafter "JPMorgan") and alleges as follows:

PARTIES

1. FNTIC is a Nebraska corporation with its principal place of business located in Jacksonville, Duval County, Florida.

2. Defendant JPMorgan Chase Bank, N.A. as Indenture Trustee on Behalf of the Noteholders and the Note Issuer of ABFS Mortgage Loan Trust 2001-3 Mortgage Backed Notes, c/o Ocwen Loan Servicing, LLC ("JPMorgan") is a Florida limited liability company with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Palm Beach County, Florida 33409.

## FACTUAL ALLEGATIONS

3.  This case involves several transactions involving real property commonly known as Box 257 Bruce Hill Road a/k/a 541 Bruce Hill Road, Harpersfield, New York 13786 (the "Property").

4.  FNTIC is informed and believes and thereupon alleges that Linda Playford and Roscoe Playford ("Playford") acquired title to the Property in July 2001. The Playford's financed the acquisition of the Property with a mortgage that was assigned to JPMorgan on July 9, 2001 (the "Mortgage").

5.  On August 31, 2006 JPMorgan filed a lawsuit in Delaware County, New York seeking to judicially foreclose the Mortgage.

6.  FNTIC is informed and believes and thereupon alleges that on April 9, 2007 a tax sale deed was recorded in favor of Delaware County in which the Property was conveyed to Delaware County as a result of Playford's failure to pay taxes owed in 2005.

7.  On April 17, 2007 JPMorgan obtained a judgment of foreclosure against Playford, which was recorded with the office of the clerk of Delaware County on April 25, 2007.

8.  FNTIC is informed and believes and thereupon alleges that on July 31, 2007 Delaware County conveyed the Property to Linda Playford.

9.  FNTIC is informed and believes and thereupon alleges that on October 10, 2007 JPMorgan conducted a foreclosure sale in which the Property was conveyed to it.

10. FNTIC is informed and believes and thereupon alleges that on August 11,

2008 JPMorgan purported to convey title to the Property to DT Schneider Development Corp. ("DT"). Also, FNTIC issued an owner's policy of title insurance (the "Policy") to DT insuring the validity of DT's title to the Property.

11.     FNTIC is informed and believes and thereupon alleges that on December 30, 2008 Playford conveyed title to the Property to Eklund Farm Machinery, Inc. ("Eklund").

12.     On February 5, 2009 Eklund filed suit against DT seeking to quiet title to the Property. On February 23, 2009 DT tendered a claim to FNTIC as a result of Eklund's service of its suit on DT.

13.     On October 9, 2009 the New York State Supreme Court granted Eklund's motion for summary judgment and denied DT's cross-motion for summary judgment, ruling that Eklund had title to the Property because the execution of the tax deed to Delaware County wiped out JPMorgan's Mortgage interest in the Property and thus JPMorgan had no interest to convey to DT. The judgment was entered in favor of Eklund on January 22, 2010 and FNTIC is informed and believes and thereupon alleges that this judgment is now final.

14.     On August 19, 2010 FNTIC resolved DT's claim on the Policy by paying DT $72,000.00. This payment was made pursuant to FNTIC's obligations under the Policy, and not as a volunteer. FNTIC also incurred expenses in defending DT in Eklund's suit, totaling $25,000.00. Given these payments, FNTIC is now DT's subrogee.

### COUNT I- UNJUST ENRICHMENT

15.     Plaintiff re-alleges paragraphs 1 through 14 as though fully set forth herein.

16.     Defendant has been unjustly enriched in the amount of $97,000.00.

17. FNTIC, not as a volunteer, paid a debt justly owed by defendant and, accordingly, to permit defendant to retain the money that should have paid that debt is to unjustly enrich them in that amount.

WHEREFORE, FNTIC demands relief as follows:

1. Judgment against defendant in the amount of $97,000.00;

2. Pre and post-judgment interest on this amount;

3. Costs and disbursements incurred herein; and

4. All other relief that the court deems just and equitable.

DATED: 10/21/2010

Respectfully Submitted,

FOLEY & MANSFIELD, P.L.L.P.
4770 Biscayne Boulevard, Suite 1000
Miami, Florida 33137
Telephone: (305) 438-9899
Facsimile: (305) 438-9819

BERANTON J. WHISENANT, JR.
Florida Bar No.: 0788651
bwhisenant@foleymansfield.com

4