UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Fidelity National Title Insurance Company

**Plaintiff(s),**

v.                                    Case No. 3:10-cv-01153-MMH-JRK

J.P. Morgan Chase Bank, N.A., as Indenture
Trustee on Behalf of the Noteholders and Note
Insurers of ABFS Mortgage Loan Trust 2001-3,
Mortgage Backed Notes, c/o Ocwen Loan
Servicing, LLC

**Defendant(s).**

---

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Defendant JP Morgan Chase Bank, N.A., as Indenture Trustee on Behalf of the Noteholder and Note Insurer of ABFS MORTGAGE LOAN TRUST, 2001-3, MORTGAGE BACKED NOTES, c/o OCWEN LOAN SERVICING, LLC ("JP Morgan Chase Bank, N.A., as Indenture Trustee" or "Defendant") by and through its undersigned counsel hereby submits this Motion to Dismiss Plaintiff Fidelity National Title Insurance Company's ("Fidelity" or "Plaintiff") Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).

---

Defendant's Motion to Dismiss                     Steve Tran (SBN 14822)
Plaintiff's Complaint                              Law Offices of Daniel C. Consuegra, LLC
- Page 1                                                       9204 King Palm Drive
Case No. 3:10-cv-01153-MMH-JRK                                  Tampa, FL 33619
                                                              PH: (813) 915-8660
                                                              FAX: (813) 919-0559

## STATEMENT OF FACTS

### A. The Parties

Plaintiff Fidelity is a title insurance company. (*See* **Request for Judicial Notice ("RJN"), Exhibit 1,** Complaint, ¶1). Defendant J.P. Morgan Chase Bank, N.A., as Indenture Trustee is the former mortgage holder of a lien on the Property. (*See* Dkt. No. 7, **Defendant's Brief in Support of Removal and Response to Court Order Dated December 21, 2010**).

### B. Factual Background

Essentially the case involves a New York State court ruling against Plaintiff on title to the Property. Plaintiff is a party because it issued title insurance to its client, D.T. Snyder Development Corp. ("D.T. Snyder") for the Property D.T. Snyder bought from Defendant in consideration for $35,000. (**RJN, Exhibit 1,** Plaintiff's Complaint). The title insurance policy (the "Policy") issued to D.T. Snyder provided coverage for the following risks:

> "2. Any defect in or lien or encumbrance on the Title. This Covered Risk includes … insurance against loss from:
>    (a) A defect in the Title caused by
>      ii. failure of any person or Entity to have authorized a transfer or conveyance;
> 
>      …
>      iii. a document effecting Title not properly created, executed, witnessed, sealed acknowledged, notarized, or delivered;
> 
>      …
>      vii. a defective judicial or administrative proceeding.
> 
>    …
> 3. Unmarketable title.

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 2
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

2

> ...
> 10. Any defect in or lien or encumbrance on the Title or other matter included in Covered Risks 1 through 9 that has been created or attached or has been filed or recorded in the Public Records subsequent to Date of Policy and prior to the recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.
> ...
> The [c]ompany will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this [p]olicy, but only to the extent provided in the Conditions."

(**RJN, Exhibit 2,** Plaintiff's title insurance policy).

Plaintiff is suing Defendant because it lost in New York State court when the court ruled that the Property belonged to another buyer, Eklund Farm Machinery, Inc. ("Eklund"). Plaintiff alleges that a benefit was conferred on Defendant because it had to pay the amounts owed under the policy limits and incur attorney's fees in defending the lawsuit in New York State court. (**RJN, Exhibit 1,** Plaintiff's Complaint).

### 1. There Were Two Different Deeds To The Same New York Property

Two different deeds were issued to the Property based on two different sales: Delaware County's tax foreclosure sale and J.P. Morgan Chase Bank, N.A., as Indenture Trustee's mortgage foreclosure sale. (**RJN, Exhibit 3,** Court Order, pages 1-2). J.P. Morgan Chase Bank, N.A., as Indenture Trustee's title originates from a mortgage foreclosure on the Property,

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 3
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

3

wherein Defendant bought the Property at the foreclosure sale. *Id.* Its deed was sold to Plaintiff's insured, D.T. Snyder.

However, the former borrower to Defendant's lien, Linda Playford, also issued a deed to a third party, Eklund Farm Machinery, Inc. ("Eklund"), that originated from a tax sale deed to the tax district, Delaware County. *Id.*

### 2. How Two Deeds to the Same New York Property Arose

The two deeds stem from the former borrower's failure to pay the real property taxes on the Property. Upon issuance of a tax lien, Delaware County instituted a tax foreclosure and eventually a tax deed was issued to Delaware County in fee simple on April 9, 2007. (**RJN, Exhibit 3,** Court Order, page 3). In the meantime, Defendant had already instituted a mortgage foreclosure action because the former borrower failed to make her mortgage payments. (**RJN, Exhibit 3, RJN,** Court Order, page 2). Upon notice of the delinquent taxes, the mortgage foreclosure proceedings were halted until they were paid on July 11, 2007. (*Id.*; **Declaration of Jill S. David, Exhibit 4,** Tax Receipt). Ocwen Loan Servicing, LLC, as loan servicer for J.P. Morgan Chase Bank, N.A., as Indenture Trustee paid those outstanding taxes. (**Declaration of Jill S. David, Exhibit 4**). However, upon Defendant's payment, Delaware County issued a deed in fee simple to the **former borrower, instead of the Defendant. (RJN, Exhibits 3 and 5,** Court Order and Resolution No. 162). Once the Property was foreclosed, it was sold to Defendant, and then sold to D.T. Snyder. Months later, the former borrower also conveyed a fee

---

| | |
|---|---|
| Defendant's Motion to Dismiss<br>Plaintiff's Complaint<br>- Page 4<br>Case No. 3:10-cv-01153-MMH-JRK | Steve Tran (SBN 14822)<br>Law Offices of Daniel C. Consuegra, LLC<br>9204 King Palm Drive<br>Tampa, FL 33619<br>PH: (813) 915-8660<br>FAX: (813) 919-0559 |

simple deed to Eklund based on Delaware County's issuance of the deed back to the borrower. (**RJN, Exhibits 1 and 3,** Complaint, ¶¶ 3-11 and Court Order).

### 3. The Underlying New York State Case

Plaintiff brings the herein lawsuit against Defendant because it lost in New York State court. Eklund brought suit against D.T. Snyder to quiet title and Delaware County, New York Supreme Court ruled that the former Borrower, Linda Playford's title was superior to J.P. Morgan Chase Bank, N.A., as Indenture Trustee's title in the underlying case based on the tax sale deed that was issued in fee simple to Delaware County. (**RJN, Exhibit 1,** Complaint, ¶ 12). Essentially, the issue in the underlying case concerned New York State's R.P.T.L. § 1136(3), which provides that upon issuance of the tax sale deed to Delaware County, all other claims to the property were extinguished. (**RJN, Exhibit 1,** Complaint, ¶ 13; **Exhibit 3,** Court Order, page 3). However, the issue of whether the tax sale deed was appropriately conveyed to the former borrower instead of Defendant upon Defendant's payment of the taxes was never adjudicated because Plaintiff did not present the tax receipt to the court and failed to address the issue before the Court. (*See* **RJN, Exhibits 1 and 3; Declaration of Jill S. David, Exhibit 4**).

### 4. The Allegations In Plaintiff's Complaint Concern Its Loss in New York State Court

Plaintiff's unjust enrichment claim is based on the judgment against Fidelity's insured's right to title for the Property discussed *supra*. (*See generally* **RJN, Exhibit 1,** Complaint). The Complaint alleges J.P. Morgan Chase Bank, N.A., as Indenture Trustee was unjustly enriched in

---

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 5
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

the amount of $97,000 for the claim paid out under the title policy and for attorney's fees based on the Court's ruling described above. *Id.*

# ARGUMENT

## A. Standard of Review

### 1. Plaintiff's Complaint Fails Because It Contains No Allegations of Wrongdoing against Defendant

Plaintiff's Complaint must be dismissed in its entirety because there are no allegations of wrongful conduct by the Defendant. (*See* **RJN, Exhibit 1,** Plaintiff's Complaint). Fed. R. Civ. Proc. 8 requires that the complaint give fair notice of the plaintiff's claims to the Defendant so that Defendant can respond, undertake discovery and prepare for trial. *See Conley v. Gibson*, 355 U.S. 41, 47-8, 78 S.Ct. 99, 103 (1957). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the Defendants fair notice of what the ... claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

In order to survive a motion to dismiss, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1964-65 (2007). The complaint must state an entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545. The bottom line is that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just what is possibly conceivable. *Id.* at 570.

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 6
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

Here, the Complaint contains no factual allegations against the Defendant to support any cause of action. Plaintiff claims that the $97,000 it expended in payment of policy limits and litigation fees should have been paid by Defendant to Plaintiff's insured because it was a "debt justly owed by Defendant." (**RJN, Exhibit 1**, Plaintiff's Complaint, ¶ 17). This is a conclusory statement unsupported by any facts. Instead, Plaintiff's payments were a direct result of its indemnification agreement with D.T. Snyder. As such, Plaintiff does not and cannot provide specific facts to demonstrate unjust enrichment against Defendant because Defendant never assumed a debt to D.T. Snyder. It was Plaintiff who assumed the debt under the Policy.

Plaintiff's Complaint is insufficient to put Defendant on notice of the alleged wrongful conduct from which it seeks relief. Accordingly, the Court should dismiss Plaintiff's Complaint, with prejudice, for failing to state a claim for relief.

### B. Choice of Law: New York Law Applies In This Case

Federal courts sitting in diversity adopt a two-step analysis to determine which state contract law should be applied in interstate contract suits. First, the district court must apply the conflict-of-law rules of the State in which the court sits. *International Paper Co. v. Ouellette*, 479 U.S. 481, 501, 107 S.Ct. 805, 817 (1987) (J. Blackmun, concurring); *see Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4, 96 S.Ct. 167, 168 (1975). Second, these conflict-of-law principles must be interpreted by the district court to determine whether the contract law

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 7
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

of the source State or the affected State should be applied. *International Paper Co.*, 479 U.S. at 501.

Under Florida's conflict-of-law rules, the "lex loci contractus" rule applies, and it looks to the place the contract was executed for choice of law determinations regarding issues of contract law. *American Home Assurance Co. v. Weaver Aggregate Transport, Inc.*, 5:10-cv-329, 773 F.Supp.2d 1317, 1324 (M.D.Fl.2011). The "lexi loci contractus" rule includes claims for unjust enrichment. *Id.; Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1119 (11th Cir.1996). The rule is fact-intensive and requires determination of where the last act necessary to complete the contract is done. *See American Home Assurance Co.*, 773 F.Supp.2d at 1324 (citing *Prime Ins. Syndicate v. B.J. Handley Trucking*, 363 F.3d 1089, 1091 (11th Cir.2004)).

Here, the last act necessary to complete the sale of the Property was the deed transfer from Defendant to Plaintiff's insured, which occurred in New York State. It was completed when the deed to D.T. Snyder was recorded in Delaware County, New York. (**RJN, Exhibit 6, Bargain and Sale Deed**). As such, New York law applies.

### C. Plaintiff Fails To State An Unjust Enrichment Claim

Under New York law, recovery on a theory of unjust enrichment is only available when no legal contract exists. *See Indyk v. Habib Bank, Ltd.*, 694 F.2d 54 (2d Cir.1982) (citing *Matarese v. Moore-McCormack Lines*, 158 F.2d 631 (2d Cir.1946)). According to New York

---

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 8
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

law, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out the same subject matter" *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388 (1987). Here, the Policy was a valid and enforceable contract that obligated Plaintiff to perform. In fact, Plaintiff states in its Complaint that the payment "was made pursuant to [Plaintiff's] obligations under the Policy, and not as a volunteer." (**RJN, Exhibit 1,** Plaintiff's Complaint, ¶ 14). Plaintiff is pursuing a claim under unjust enrichment for its losses sustained in the underlying New York State case. The relevant contract applicable to Plaintiff's obligations is the Policy. The Policy states that covered risks included:

> "2.  Any defect in or lien or encumbrance on the Title. This Covered Risk includes ... insurance against loss from:
> (a)  A defect in the Title caused by
>
>> iv.  failure of any person or Entity to have authorized a transfer or conveyance;
>> ...
>> v.  a document effecting Title not properly created, executed, witnessed, sealed acknowledged, notarized, or delivered;
>> ...
>> vii.  a defective judicial or administrative proceeding.
>
> 3.  Unmarketable title.
>    ...
>
> 10.  Any defect in or lien or encumbrance on the Title or other matter included in Covered Risks 1 through 9 that has been created or attached or has been filed or recorded

---

Defendant's Motion to Dismiss  
Plaintiff's Complaint  
- Page 9  
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)  
Law Offices of Daniel C. Consuegra, LLC  
9204 King Palm Drive  
Tampa, FL 33619  
PH: (813) 915-8660  
FAX: (813) 919-0559

> in the Public Records subsequent to Date of Policy and prior to the recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.
>
> ...
>
> The [c]ompany will also pay the costs, attorneys' fees, and expenses incurred in defense of any matter insured against by this [p]olicy, but only to the extent provided in the Conditions."

(**RJN, Exhibit 2,** Plaintiff's title insurance policy).

According to the Policy, Plaintiff assumed the risk of a defect in title caused by a deed "not properly created" or a "defective judicial proceeding." (**RJN, Exhibit 2,** Plaintiff's title insurance policy). This includes any allegations regarding the purported defective referee deed obtained in the judicial foreclosure action in New York State court. (**RJN, Exhibits 2 and 3,** Plaintiff's title insurance policy and Court Order). As such, Plaintiff's payments of the policy limits and the attorneys' fees were the result of its contractual obligations to its insured, D.T. Snyder. A theory of unjust enrichment is inapplicable to this case.

Further, under unjust enrichment, Plaintiff may only recover damages from Defendant to the extent that Defendant's non-payment for the underlying case constituted a breach of an implied contractual duty to Plaintiff. *Hampton Trans. Ventures, Inc. v. JD Trans., LLC*, Index No. 3565/10, 2011 WL 3631623, *5, 32 Misc.3d 1234(A) (N.Y.Sup.2011); *see also Chadirjian v. Kanian*, 123 'A.D.2d 596, 506 N.Y.S.2d 880 (2d Dep't.1986). Plaintiff pleads no facts to demonstrate that Defendant owed a duty to Plaintiff. (*See* **RJN, Exhibit 1,** Complaint). In fact,

---

| | |
|---|---|
| Defendant's Motion to Dismiss<br>Plaintiff's Complaint<br>- Page 10<br>Case No. 3:10-cv-01153-MMH-JRK | Steve Tran (SBN 14822)<br>Law Offices of Daniel C. Consuegra, LLC<br>9204 King Palm Drive<br>Tampa, FL 33619<br>PH: (813) 915-8660<br>FAX: (813) 919-0559 |

there are no facts to demonstrate that Defendant owed an implied contractual duty because Plaintiff is mistaking its own duty to its insured for Defendant's duty.

Nor was a benefit conferred on Defendant. According to Plaintiff's Complaint, Plaintiff's insured, and not Defendant, received the policy limits and attorneys' fees. (**RJN, Exhibit 1,** Complaint, ¶ 14). Defendant was not even a party to the underlying New York State case.

### D. Plaintiff's Obligations To Its Insured Under The Title Policy Cannot Be Equitably Subrogated To Defendant

Plaintiff's unjust enrichment claim is essentially an equitable subrogation claim and its barred against covered insurance risks as a matter of law. "Rooted in equity" the purpose of the subrogation doctrine is to afford a person who pays a debt that is owed primarily by someone else the opportunity to be reimbursed in full. *Chemical Bank v. Meltzer*, 93 N.Y.2d 296, 304, 60 N.Y.S.2d 489 (1999). Here, Plaintiff is essentially seeking equitable subrogation for the claims paid under its policy allegedly to avoid unjust enrichment to Defendant.

New York courts have barred equitable subrogation against persons not named in the policy. A title insurance policy is a contract by which the title insurer agrees to indemnify its insured for loss occasioned by a defect in title. *Appleby v. Chicago Title Ins. Co.*, 80 A.D.3d 546, 549, 914 N.Y.S.2d 257, 260 (2d Dep't.2011). The policy creates a relationship between the insurer and the insured such that the insurer assumes the risk of loss by the act of that person or a third party covered by the policy. *Fire Ins. of Newark, New Jersey v. Wheeler*, 165 A.D.2d

---

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 11
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

11

141, 144, 566 N.Y.S.2d 692, 694 (3d Dep't.1991); *see Pennsylvania Gen. Ins. Co. v. Austin Powder Co.*, 68 N.Y.2d 465, 510 N.Y.S.2d 67 (1986); *Medical Liability Mutual, Ins. Co. v. Schurig*, 211 A.D.2d 518, 518, 621 N.Y.S.2d 564, 565 (1st Dep't.1995); *Aetna Cas. & Sur. Co. v. Greater N.Y. Nut. Ins. Co.*, 205 A.D.2d 433, 613 N.Y.S.2d 904 (1st Dep't.1994).

*Fire Ins. of Newark, New Jersey* applies here and cites to a major text on insurance law regarding third party equitable subrogation:

> "A person not named in an insurance policy is considered an insured for purposes of preventing subrogation when, under the circumstance, the insurer seeking subrogation is attempting, in effect, to recover from the insured on the risk the insurer had agreed to take upon payment of the premium." 6A Appleman, Insurance Law and Practice § 4055, at 77 (1990 supp.).

*Fire Ins. of Newark, New Jersey*, 165 A.D.2d at 144

Here, Plaintiff's insured bought title insurance so that he would not have to sue the seller, Defendant, in the event of damage caused by defects in title. Defendant's acts were a risk covered by the Policy and one in which Plaintiff agreed to insure D.T. Snyder against. (**RJN, Exhibit 2,** Plaintiff's title insurance policy). D.T. Snyder's payment of the premium prevents equitable subrogation to Defendant. As such, Plaintiff's equitable subrogation claim, pleaded as an unjust enrichment claim, fails as a matter of law.

---

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 12
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

### E. Plaintiff Fails To Demonstrate That It Is Entitled To Attorneys' Fees Under A Contract, Statute, or Court Rule

Plaintiff fails to demonstrate that it is entitled to attorneys' fees as part of its unjust enrichment claim. It is well settled that, "[a]ttorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *See Matter of A.G. Ship Maintenance Corp. v. Lezak*, 69 N.Y.2d 1, 5, 511 N.Y.S.2d 216 (1986). No facts are pled, even in conclusory form, to demonstrate that Plaintiff is entitled to recover its litigation expenses under an agreement with Defendant or statute providing for attorneys' fees. Accordingly, this claim fails as a matter of law.

**WHEREFORE**, Defendant JP Morgan Chase Bank, N.A., as Indenture Trustee prays that this Court grant Defendant's Motion to Dismiss Plaintiff Fidelity's Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and for any such further relief as this Court deems just and proper.

Dated: January 20, 2012

**Law Offices of Daniel C. Consuegra**
9204 King Palm Drive
Tampa, Florida

/s/ Steve D. Tran
STEVE D. TRAN
Florida State Bar No.: 14822
Attorneys for Defendant
JP Morgan Chase Bank, N.A., as Indenture Trustee

---

Defendant's Motion to Dismiss
Plaintiff's Complaint
- Page 13
Case No. 3:10-cv-01153-MMH-JRK

Steve Tran (SBN 14822)
Law Offices of Daniel C. Consuegra, LLC
9204 King Palm Drive
Tampa, FL 33619
PH: (813) 915-8660
FAX: (813) 919-0559

13

## DECLARATION OF SERVICE

The undersigned declares as follows:

On January 20, 2012, I served the foregoing document on the following individuals by mail:

Foley & Mansfield, P.L.L.P.
4770 Biscayne Boulevard, Suite 1000
Miami, FL 33137
*Attorneys for Plaintiff,*
  *Fidelity National Title Insurance Company*

/s/ Steve D. Tran
Steve D. Tran